UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA FORSYTH,

    Plaintiff,

vs.        Case No.  3:11-cv-1015-J-MCR

MICHAEL ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.     PROCEDURAL HISTORY**

Plaintiff filed applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") on June 30, 2009.  (Tr. 20).  Plaintiff alleged an onset date of January 1, 2000.  Id.  However, this date was amended to January 1, 2003, during the hearing held on February 15, 2011.  Id.  The claims were denied initially on October 2, 2009, and upon reconsideration on March 12, 2010.  Id.  Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") and on February 15, 2011, a hearing was held before the Honorable John D. Thompson, Jr.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 17).

(Tr. 36-92). The ALJ issued his decision on March 25, 2011, finding Plaintiff was not disabled. (Tr. 20-28). The Appeals Council denied Plaintiff's request for review. (Tr. 3-8). Having exhausted all administrative remedies, Plaintiff timely filed her Complaint on October 17, 2011, seeking judicial review of the ALJ's final decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Basis of Claimed Disability

Plaintiff claimed to be disabled since January 1, 2003, as a result of: history of hypertension, history of drug abuse, and bipolar disorder. (Tr. 94).

### B.   Summary of Evidence Before the ALJ[2]

Plaintiff was 58 years of age at the time the ALJ conducted the hearing on February 15, 2011. (Tr. 24). Plaintiff has a high school education and can read, write, and speak English, as well as do simple math. Id. Plaintiff does not have a valid Florida Driver's License because it has been permanently revoked due to multiple prior DUIs. Id. Plaintiff has past relevant work experience as a greens keeper and fiber optics grinder. Id. Plaintiff claims to be disabled since January 1, 2003, as a result of: a history of hypertension, a history of drug abuse, and bipolar disorder. (Tr. 94).   The relevant medical records begin in December of 2003, while Plaintiff was incarcerated in Lee County Jail. Physicians noted Plaintiff was treated for alcohol abuse in 1998. (Tr. 318). In addition, physicians noted Plaintiff was on Prozac and Trazodone. (Tr. 312-314). On December 12, 2003, Plaintiff had a mental examination at which the physician

---

[2] Because Plaintiff's appeal deals exclusively with issues involving her mental impairments, the Court will limit its discussion of the medical evidence to those records addressing Plaintiff's mental impairments.

noted: "depression per inmate history."  (Tr. 331).

The next available records begin in May, 2007.  On May 1, 2007, Plaintiff presented to Dr. William A. Rios, whose impression included: depression, headaches/allergic rhinitis, obesity, question urge incontinence, and question menopause.  (Tr. 335-337).  Plaintiff followed up with Dr. Rios on June 12, 2007, at which time he diagnosed Plaintiff with bipolar disorder.  (Tr. 334).

Plaintiff presented to Meridian Behavioral Healthcare, Inc. between February 2007 and May 2010, for routine checkups regarding her medication management.  (Tr. 438-500; 503-518).  Plaintiff routinely met with psychologists for short appointments in order to manage her prescription medications.  (Tr. 439-500; 508-514).  Multiple physicians observed Plaintiff's insight and judgment were poor.  Id.  Further, on August 21, 2009, Plaintiff was diagnosed with bipolar disorder, anti-personality disorder, hypertension, and a thyroid disorder.  (Tr. 452).

Plaintiff presented to Jane Cormier, Ph.D. on October 2, 2009, for a mental residual functional capacity ("RFC") examination. (Tr. 346-363).  Dr. Cormier noted Plaintiff was moderately limited in her ability: (1) to maintain attention and concentration for extended periods and (2) to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  (Tr. 346-347).  Dr. Cormier remarked:

> [Plaintiff] appears capable of understanding and recalling simple and detailed instructions and of sustaining attention for at least simple tasks.  In addition, [Plaintiff] appears generally capable of interacting appropriately with the public and with coworkers and supervisors.  Also [Plaintiff] appears

> to be able to respond to changes in the work environment
> and to recognize and respond appropriately to most work
> hazards.  Overall, [Plaintiff] appears capable of performing
> routine, repetitive tasks on a sustained and independent
> basis and in a socially appropriate manner, currently and
> prior to the DLI.

(Tr. 348).  Dr. Cormier also noted there was evidence of mood disorder, anxiety-related disorder, personality disorder, and polysubstance abuse.  (Tr. 348, 350).

Plaintiff presented to Chris J. Carr, Ph.D. on January 27, 2010, for a psychological evaluation.  (Tr. 364-370).  In relation to her sensorium and cognition, Dr. Carr found Plaintiff could: repeat six digits forward and four digits backwards, spell the word "world" backwards, recall three of three objects after seven minutes, perform serial three subtractions from twenty, perform simple multiplication, interpret a common saying, and identify the similarity between an apple and banana.  (Tr. 367).  Plaintiff could not complete one addition of double digit numbers or complete serial seven subtractions from 100.  Id.  Dr. Carr diagnosed Plaintiff with:

> Axis I: Bipolar NOS, Mild to Moderate Symptoms
>     Polysubstance Dependence (crack cocaine and alcohol), in long
>     term remission
> Axis II: deferred

Id.

On March 12, 2010, Plaintiff presented to Thomas Conger, Ph.D. for another mental RFC assessment.  (Tr. 416-433).  Dr. Conger found Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 416-417).  Further, Dr. Conger noted Plaintiff was

"mentally capable of performing routine tasks on a sustained basis, if motivated" and Plaintiff was "judged to have adequate understanding, social skills and adaption abilities." (Tr. 418). Dr. Conger also filled out a Psychiatric Review Technique form. (Tr. 420-433). Dr. Conger's diagnosis included: personality disorder, NOS with antisocial features; depressive disorder, NOS; anxiety disorder, NOS; and, alcohol/cocaine abuse, in reported remission. (Tr. 432). Dr. Conger noted Plaintiff "ha[d] a history of antisocial behaviors as well as alcohol/cocaine abuse that has resulted in legal problems and incarceration but she also show[ed] the ability to relate effectively in general and d[id] not appear to have significant social difficulties at this time." Id. Furthermore, Dr. Conger observed that although Plaintiff "may experience some depression and/or anxiety at times, she remain[ed] functional from a mental perspective" and she appeared "to be capable of performing routine tasks independently and there [was] no indication of a mental impairment that would equal any listing at this time." Id.

During the hearing on February 15, 2011, Dr. Olin Hamrick assessed Plaintiff's mental abilities using the Medical Source Statement of Ability To Do Work-Related Activities (Mental). (Tr. 528-530). Dr. Hamrick opined Plaintiff was moderately limited in her ability to understand and remember complex instructions, carry out complex instructions, and make judgment on complex work-related decisions. (Tr. 528). Further, Dr. Hamrick also opined Plaintiff's ability to interact with the public, supervisor(s), or co-workers was moderately limited. (Tr. 529). Finally, Dr. Hamrick opined Plaintiff's ability to respond appropriately to usual work situations and to changes in a routine work setting was moderately limited. Id.

### C. <u>Summary of the ALJ's Decision</u>

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. First, if a plaintiff is working at a substantial gainful activity, she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(I). Second, if a plaintiff does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(a)(4)(ii). Third, if a plaintiff's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii). Fourth, if a plaintiff's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Fifth, if a plaintiff's impairments (considering her Residual Functioning Capacity ("RFC"), age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. §§ 404.1520(f), 416.920(a)(4)(v). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In this case, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through June 30, 2007. (Tr. 22). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her amended alleged onset

date of January 1, 2003.  Id.  At step two, the ALJ found Plaintiff had the following severe impairments: a history of bipolar disorder; hypertension; hypothyroidism; bilateral disorder of the SI joints, more so on the left than the right; and a history of polysubstance abuse.  Id.

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.  The ALJ further determined Plaintiff had the RFC to perform "medium" work as defined in 20 C.F.R. §§404.1567(b) and 416.967(b).  (Tr. 27).  Specifically, the ALJ found Plaintiff could:

> lift/carry 50 pounds occasionally and 25 pounds or less more frequently; she can sit for up to 6 hours and stand/walk up to six hours; she can climb stairs and ramps, but not ropes, ladders or scaffolds; she can balance, stoop, kneel, crouch or crawl frequently; she can understand, remember and carry out simple routine and repetitive work tasks and can make associated judgments; she can occasionally interact with supervisors, co-workers and the public.

(Tr. 23-24).  In making this determination, the ALJ considered all symptoms and the extent to which those symptoms may reasonably be accepted as consistent with the objective medical and other evidence.  (Tr. 24).  However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not credible to the extent they were inconsistent with the RFC assessment.  Id.

At step four, the ALJ utilized the testimony of a Vocational Expert ("VE") during the hearing to determine if Plaintiff could perform any of her past relevant work.  (Tr. 27).  The VE determined Plaintiff's past relevant work included a golf course greens keeper and a hand grinder, and that Plaintiff could still perform these occupations as

actually and generally performed. (Tr. 28-29). Since the VE found Plaintiff could perform her past relevant work, the ALJ did not need to proceed to step five. Id. Therefore, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 28).

### III. ANALYSIS

#### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837

(11th Cir. 1992) (explaining how the court must scrutinize the entire record to determine reasonableness of factual findings).

The district court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

### B.     Issues on Appeal

Plaintiff's brief raises three arguments regarding the alleged errors committed by the ALJ. Specifically, Plaintiff argues: (1) the ALJ committed reversible error by failing to include Plaintiff's chronic anxiety and personality disorders as severe impairments at Step 2; (2) by failing to consider Plaintiff's anxiety and personality disorders as severe impairments, the ALJ failed to consider Plaintiff's impairments in combination; and (3) the ALJ failed to properly determine Plaintiff's mental RFC at Step 4, and in turn failed to pose a proper hypothetical question to the VE. (Doc. 21, pp. 6-15). In response, the Commissioner contends the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. (Doc. 22 at 4). Specifically, the Commissioner argues the ALJ considered all of the relevant medical evidence and accounted for the mental limitations in his RFC and hypothetical posed to the VE. (Doc. 22, p. 6).

#### 1.     Whether the ALJ erred at Step 2 by failing to find Plaintiff's anxiety and personality disorders constituted severe impairments.

Plaintiff contends the ALJ erred by failing to find Plaintiff's anxiety and personality disorders constituted severe impairments at step two of his evaluation. (Doc. 21, p. 6-

10). The Commissioner responds by arguing the ALJ did not err because he found Plaintiff had several severe impairments, including multiple mental impairments such as a history of bipolar disorder and a history of polysubstance abuse, in remission. (Doc. 22, p. 4). Furthermore, the Commissioner notes that even if the ALJ erred by failing to find Plaintiff's anxiety and personality disorders were severe, that error is harmless as the ALJ found Plaintiff suffered from severe impairments, which is all that step two requires. (Doc. 22, p. 5).

In the instant case, Plaintiff is correct that the ALJ did not find her anxiety and personality disorders to be severe impairments. At step two, the claimant bears the burden of proving the existence of a severe impairment. See Yuckert, 482 U.S. at 146. In considering an alleged impairment, the ALJ must evaluate evidence about its "functionally limiting effects" to determine how it affects the claimant's ability to do basic work activities. Social Security Ruling ("SSR") 96-3p. At step two, the ALJ is not required to identify all of the impairments that should be considered severe. See Heatly v. Comm'r of Soc. Sec., 382 F.App'x 823 (11th Cir. 2010). Instead, the only requirement of step two is to identify if a severe impairment does in fact exist. Id.

In the instant case, the ALJ determined Plaintiff had the following severe impairments: a history of bipolar disorder; hypertension; hyperthyroidism; bilateral disorder of the SI joints, more so on the left than right; and a history of polysubstance abuse, in remission. (Tr. 22, Finding 3). Plaintiff asserts the ALJ erred in failing to include Plaintiff's chronic "anxiety and personality disorders" in the list of severe impairments. (Doc. 21, p. 6).

The Court finds no error in the step two finding in the instant case. The ALJ

found not only one, but five severe impairments suffered by Plaintiff. (Tr. 22). This is all that is required at step two. See McDavid v. Astrue, No. 1:11-cv-81, 2012 WL 2541733, *6 (N.D. Fla. Apr. 4, 2012) (citing Heatly and finding no error in ALJ's failure to find psychotic disorder to be severe impairment when ALJ listed anxiety and depression at step two).

Additionally, as the Commissioner points out, although the ALJ did not specifically list anxiety and/or personality disorder at step two, it is clear he considered and evaluated these conditions at later steps in his analysis. Indeed, in his PRTF findings, the ALJ found Plaintiff suffered from moderate limitations in her ability to maintain concentration, persistence, and pace. (Tr. 23). Additionally, at step four, the ALJ posed a hypothetical in which he noted Plaintiff had moderate limitations in her social functioning and her ability to make routine adjustments to work settings. (Tr. 87). Plaintiff has failed to identify and the record is devoid of any evidence of any additional limitations arising from the anxiety or personality disorder. Accordingly, the undersigned finds no error in the ALJ's failure to include anxiety and personality disorder as severe impairments at step two.

### 2. Whether the ALJ erred by failing to consider Plaintiff's impairments in combination.

Because this Court finds the ALJ did not err in excluding the anxiety and personality disorders from the list of Plaintiff's severe impairments at step two, the undersigned also rejects Plaintiff's second argument that as a result of the ALJ's step two error, the ALJ also erred by failing to consider Plaintiff's impairments in combination.

If a claimant alleges several impairments, the ALJ "has a duty to consider the impairments in combination and to determine whether combined impairments render claimant disabled." Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2001)(citing Jones v. Department of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991)). An ALJ's finding is sufficient if he or she simply states: "the medical evidence establishes that [the claimant] had [several injuries] which constitute a 'severe impairment,' but that [s]he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Wilson, 284 F.3d 1224-25; Jones, 941 F.2d at 1533.

In this case, the Court is satisfied the ALJ's decision contains evidence that he considered the combined effects of all of Plaintiff's impairments. The decision reads: "the claimant does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 22) (emphasis added). In addition, this Court is also convinced by the ALJ's discussion in the decision of Plaintiff's various mental impairments and the limitations arising from them. (Tr. 25-27). This is sufficient evidence that the ALJ considered Plaintiff's impairments in combination and therefore, the Court finds no error.

### 3. Whether the ALJ erred by not properly determining Plaintiff's Mental RFC and not posing a proper hypothetical question to the VE.

Plaintiff next argues the ALJ erred by failing to properly determine Plaintiff's mental RFC and posing an incomplete hypothetical to the VE. (Doc. 21 p. 11-15). Specifically, Plaintiff contends the RFC and hypothetical were deficient because they did not adequately include limitations arising from Plaintiff's anxiety and personality disorder

traits. (Doc. 21, p. 13).

With respect to Plaintiff's mental RFC, the ALJ found Plaintiff could perform medium work and was able to:

> understand, remember and carry out simple routine and repetitive work tasks and [] make associated judgments; she [could] occasionally interact with supervisors, co-workers and the public.

(Tr. 23-24). Plaintiff argues the ALJ erred by failing to specifically find Plaintiff suffered from moderate limitations in her ability to maintain concentration, persistence, and pace and in social functioning. (Doc. 21, p. 14). While the ALJ does not specifically state Plaintiff has moderate limitations in maintaining concentration, persistence, and pace and social functioning, it appears he did find Plaintiff suffered some limitations in these areas as reflected in the restrictions to simple routine and repetitive work tasks and only occasionally interacting with supervisors, co-workers, and the public.

In any event, as this Court noted in Corbitt v. Astrue, when the ALJ relies on the testimony of a VE, "the key inquiry shifts to the adequacy of the RFC description contained in the hypothetical posed to the VE" rather than the RFC simply cited in the ALJ's decision. Corbitt v. Astrue, No. 3:07-CV-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (citing Dowell v. Barnhart, No. 06-1023-WEB, 2006 WL 4046164, at *3 (D. Kan. Oct. 31, 2006)). In the Corbitt case, the ALJ did not include in his RFC the plaintiff's moderate limitations in maintaining concentration, persistence and pace as noted in the PRTF. Corbitt, 2008 WL 1776574 at *2. However, the ALJ specifically included the moderate difficulty in maintaining concentration, persistence and pace in the hypothetical to the VE. Id. at *3. As such, the court found no error. Id.

In the instant case, the ALJ presented the following hypothetical to the VE:

> [F]rom a mental standpoint . . . no limitations with regard [to her] ability to understand, remember, carry out and make judgments on simple work-related decisions. Moderate limitation defined as there is more than a slight or minimal limitation of function, but can still do the task in a satisfactory manner with regard to her ability to understand, remember, carry out and make judgments on more than simple, rote, repetitive-type instructions or job task. And the same moderate limitation regarding her ability to undertake, work in proximity to members of the general public, co-workers, supervisors and to make routine adjustments to work settings. All those would be moderate as well. Within those limitations and no others, would she be able to perform her past relevant work either as performed by the claimant or as described in the DOT?

(Tr. 87). The VE responded that Plaintiff would be able to perform both of her prior relevant work positions. (Tr. 87). Plaintiff claims this hypothetical "completely left out her moderate impairment of concentration, persistence, and pace and her moderate impairment of social skills" and therefore, the VE's testimony cannot be considered to be based on substantial evidence. (Doc. 21, p. 14).

Plaintiff is correct that "[i]n order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the [plaintiff's] impairments." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). However, it is well settled in the Eleventh Circuit that a hypothetical to a VE sufficiently accounts for limitations in concentration, persistence, and pace when these limitations are either implicitly or explicitly accounted for. Jarrett v. Comm'r of Soc. Sec., 422 F.App'x. 869, 872 (11th Cir. 2011). Furthermore, when medical evidence demonstrates a plaintiff can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded a

hypothetical which includes a limitation of "only unskilled work" sufficiently accounts for such limitations. Winschel 631 F.3d at 1181 (citing Simila v. Astrue, 573 F.3d 503, 521–22 (7th Cir. 2009)).

      Here, the ALJ's hypothetical to the VE indicated Plaintiff was moderately limited in her to ability to understand, remember, carry out and make judgments on more than simple, rote, repetitive-type instructions or job tasks. (Tr. 87). The ALJ defined a moderate limitation as having more than a slight or minimal limitation of function, but still having the ability to do the task in a satisfactory manner. Id. To support these findings, the ALJ pointed to the findings of two doctors. For example, the ALJ referenced Dr. Carr's findings that despite her mild to moderate bipolar disorder, Plaintiff "had the capacity to understand, remember, concentrate, persist, adapt and to conduct interaction for jobs for which she [was] suited." (Tr. 26). Additionally, the ALJ pointed to Dr. Hamrick's opinion that despite her moderate limitations in concentration, persistence, and pace, Plaintiff was capable of understanding, remembering, and carrying out simple instructions and had the ability to make simple work related decisions. (Tr. 27). Dr. Hamrick also found Plaintiff would be moderately limited in her ability to understand, remember, and carry out more complex instructions and to make complex work related decisions. Id. The hypothetical utilized by the ALJ similarly restricted Plaintiff, and thereby sufficiently accounted for Plaintiff's limitations in concentration, persistence, and pace. See Rosario v. Comm'r of Soc. Sec., No. 12-10704, 2012 WL 4074421, at *2 (11th Cir. Sept. 17, 2012) (Eleventh Circuit found ALJ's hypothetical limiting the claimant to performing simple, routine, and repetitive tasks in an environment with only brief interactions with co-workers and the public sufficiently

accounted for moderate limitations in concentration, persistence, and pace where medical evidence supported the findings); see also Hopson v. Astrue, No. 3:11-cv-623, 2012 WL 1155294 at *7 (M.D. Fla. Apr. 5, 2012) (ALJ's hypothetical including a limitation of simple, routine and repetitive tasks adequately accounted for moderate restrictions in concentration, persistence and pace because the medical evidence supported plaintiff's ability to complete those tasks).  Accordingly, the hypothetical posed to the VE adequately accounted for all of Plaintiff's limitations.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned finds the ALJ's decision is supported by substantial evidence.  Accordingly, the Clerk of the Court is directed to enter judgment **AFFIRMING** the Commissioner's decision and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this  21st  day of December, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record